UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REGINALD SANDERS,

        Petitioner,

-v-

UNITED STATES,

        Respondent.

23 Civ. 1547 (PAE)
18 Cr. 0390-2 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On February 17, 2023, *pro se* petitioner Reginald Sanders filed a petition (the "Petition") for a writ of habeas corpus under 28 U.S.C. § 2255. Dkt. 587.[1] Sanders moves to vacate the Court's 192 months' sentence, which was entered after his guilty plea to four counts of a superseding indictment for conspiracy to distribute narcotics, possession with intent to distribute heroin, and possession of a firearm in furtherance of drug trafficking. *See* Dkt. 405. Sanders alleges his counsel was constitutionally ineffective for failing to: (1) object to the district court's acceptance of a guilty plea that, Sanders claims, lacked adequate factual basis, Petition at 5; (2) explain the consequences of taking an open plea to Sanders, *id.* at 6, (3) advocate for a hearing under *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), *id.* at 8; and (4) argue at sentencing or on direct appeal for a downward departure from the Guidelines recommended range in light of Sanders' criminal history, *id.* at 9.

On February 24, 2023, the Court ordered the Government to respond to the Petition. Dkt. 588. On March 5, 2023, the Government requested an order directing Sanders to clarify whether

---

[1] All docket numbers refer to Sanders' criminal case. *See United States v. Sanders*, No. 18 Cr. 390-2 (PAE).

he waived his attorney-client privilege and, contingent upon his informed consent, directing his prior counsel to provide sworn declarations addressing the Petition's allegations of ineffective assistance. Dkt. 589; *Douglas v. United States*, No. 04 Cr. 1065 (CM), 2011 WL 335861, at *2 (S.D.N.Y. Jan. 28, 2011) (discussing recent American Bar Association opinion and issuing na identical order). On March 6, 2023, the Court issued the requested order. Dkt. 590.

On March 24, 2023, Sanders declined to waive attorney-client privilege. Dkt. 591. Where a habeas petition raises a claim of ineffective assistance of counsel, the petitioner implicitly waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. *See, e.g., Rudaj v. United States*, No. 04 Cr. 1110-01 (DLC), 2011 WL 2610544, at *3 (S.D.N.Y. June 13, 2011); *Frias v. United States*, No. 01 Cr. 0307 (JFK), 2009 WL 1437797, at *1 (S.D.N.Y. May 20, 2009) (internal quotation marks and citation omitted). But where, as here, the petitioner argues his counsel was ineffective, while explicitly invoking a privilege to prevent his counsel from contradicting or clarifying his version of events, the Court cannot evaluate petitioner's claim. *Cf. United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword. . . . Thus, the privilege may implicitly be waived when [the client] asserts a claim that in fairness requires examination of protected communications.").

Accordingly, the February 17, 2023 petition for a writ of habeas corpus is denied, without prejudice. Sanders may renew the Petition claiming ineffective assistance, if and/or when he is prepared to waive attorney-client privilege. In addition, the Court declines to issue a certificate of appealability. Sanders has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir.2005); 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from

this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court respectfully directs the Clerk of the Court to terminate all pending motions, close this case, and mail a copy of this decision and appeal instructions to Sanders.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 7, 2023
   New York, New York

3