UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD SANDERS,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent.

23 Civ. 1547 (PAE)
18 Cr. 390-2 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On February 16, 2024, the Court docketed *pro se* motions from petitioner-defendant Reginald Sanders to reinstate his § 2255 petition and to amend that petition. Dkt. 604. On March 15, 2024, the Government responded, principally arguing that Sanders' original § 2255 petition had been untimely, because it was filed outside the one-year statute of limitations governing such claims. Dkt. 609.

The Court's preliminary view is that Sanders' petition was untimely. A 1-year period of limitation applies to § 2255 petition. 28 U.S.C. § 2255(f). In this case, "[t]he limitation period" ran from "the date on which the judgment of conviction bec[a]me[] final." *Id.* § 2255(f)(1). A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction . . . on direct review, . . . denies a petition for a writ of certiorari, . . . or the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). A petition for a writ of certiorari must be filed "within 90 days after the entry of judgment," Sup. Ct. R. 13(1), unless a Justice grants an extension "[f]or good cause," Sup. Ct. R. 13(5). That 90-day period "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup. Ct. R. 13(3); *see also Clay*, 527 U.S. at 527.

After the Second Circuit summarily affirmed Sanders' conviction on November 5, 2021, Sanders did not file a petition for a writ of certiorari or seek an extension to do so. *See generally United States v. Sanders*, No. 20-2130 (2d Cir.). As such, the time for filing such a petition expired—and Sanders' conviction became final—90 days later, on February 3, 2022. The one-year period that Sanders had to file a timely § 2255 petition thus expired on Friday, February 3, 2023. Sanders' § 2255 petition, however, was filed on February 5, 2023—the date when he deposited it within the prison mailing system, Dkt. 587 at 12. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (prison mailbox rule applies to *pro se* habeas petitions under AEDPA). It appears, therefore, that his § 2255 petition is untimely.[1]

However, to ensure Sanders has an opportunity to respond to the Government's claim of untimeliness, the Court invites a reply brief from Sanders. That brief is due April 15, 2024.

The Court directs the Clerk of Court to mail a copy of this order to Sanders by United States mail using the following address information: Reginald Sanders (Reg. No. 85756-054), FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640.

SO ORDERED.

                                              *Paul A. Engelmayer*
                                              PAUL A. ENGELMAYER
                                              United States District Judge

Dated: March 27, 2024
       New York, New York

---

[1] Although the limitations period in which to file a § 2255 petition may be extended by equitable tolling, such tolling is appropriate only where the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevent timely filing." *Clemente v. Lee*, 72 F.4th 466, 478 (2d Cir. 2023) (cleaned up). It does not appear that any such showing could be made in this case.

2